IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YOLANDA NOWLIN, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:16-CV-1046-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Yolanda Nowlin, a federal prisoner confined at FMC-Carswell in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner is confined pursuant to her 2013 federal conviction in the Southern District of Texas for conspiracy to commit health care fraud, health care fraud, and aiding and abetting. J., United States v. Nowlin, No. 4:12-CR-00730-1, ECF No. 248. Petitioner neither alleges nor demonstrates that she filed a formal petition for presidential clemency. Nevertheless, she contends that this Court has jurisdiction to consider the petition under the Administrative Procedures Act, which "provides [that] a reviewing court may set aside an agency action that is arbitrary, capricious, abuse of discretion, or otherwise not in accordance with law." Pet. 2, ECF No. 1.

## II. ISSUES

Petitioner claims that the President and the Department of Justice (DOJ) have exercised presidential clemency power and executive action in violation of the United States Constitution. *Id.*

at 1. Specifically, Petitioner asserts that the President and the DOJ, in violation of her rights to due process and equal treatment under the law, have administered the new criteria for the Initiative on Executive Clemency (IEC) in a discriminatory manner by rendering clemency recommendations and granting clemency to inmates "outside of their set criteria," by granting clemency to more men than women, by discriminating against inmates convicted of white-collar, non-violent crimes, and by denying her "meaningful access" to a fair review process. *Id.* at 3; Am. Pet. 3-4, ECF No. 14. She also claims that the IEC made it more difficult for her to qualify, apply, and receive a recommendation for clemency in violation of the ex post facto clause. Am. Pet. 3, ECF No. 14. Finally, she claims that Deferred Action for Parents of American and Lawful Permanent Residents ("DAPA) violates her right to equal treatment under the law by granting illegal aliens various privileges, such as amnesty and deferred prosecution, while maintaining her imprisonment and subjecting her to collateral consequences upon her release that do not apply to DAPA beneficiaries. Pet. at 3-4, ECF No. 1. She seeks declaratory relief, immediate release from custody or a reduction in her sentence, and expungement of her criminal convictions. *Id.* at 4-5.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims in the context of a habeas petition under § 2241. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. According to Petitioner, "the new clemency regulations set by the Obama Administration, IEC, as posted nationwide in every prison . . . [represent] a substantive rule change which required the [DOJ] to comply with 5 U.S.C. §§ 551, 553, the 'notice and comment'

2

requirement" of the APA. Am. Pet. 2, ECF No. 14. The Court finds no support for this argument. The APA establishes the procedures federal administrative agencies use for "rule making," defined as the process of "formulating, amending, or repealing a rule." 5 U.S.C. § 551(5). Notice-and-comment requirements of the APA apply only to so-called "legislative" or "substantive" rules, which have the "force and effect of law"; they do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice," which do not. *Id.* § 553(b); *Shalala v. Guernsey Memorial Hospital,* 514 U.S. 87, 99 (1995) *Chrysler Corp. v. Brown,* 441 U.S. 281, 302-303 (1979). Clearly, the IEC and the criteria set out therein, are not legislative rules with the force and effect of law. The regulations that do affect clemency are found at 28 C.F.R. §§ 1.0-1.11 and are not binding on the president. 28 C.F.R. § 1.11. Therefore, Petitioner cannot establish that judicial review under the APA is available as to her claims regarding clemency. Although the DOJ is an "agency" within the meaning of the Act, "[f]ederal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but absolute." *Spinkellink v. Wainwright,* 578 F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). The president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria.

Furthermore, even assuming the claims were properly presented under § 2241, to obtain federal habeas relief, a petitioner must show a federal constitutional violation. 28 U.S.C. § 2241(c)(3). Petitioner cannot make such a showing as she has no constitutional or fundamental right to clemency or clemency proceedings. *See Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). *See also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1,

7 (1979) (providing "[d]ecisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations."). Because she has no constitutional or fundamental right to clemency, she is not entitled to due process or equal protection in connection with the procedures by which a petition for clemency is considered or a clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Petitioner's ex post facto argument is equally frivolous. She asserts that retroactive application of the IEC's new criteria, which make it more difficult for her to qualify, apply, and receive presidential clemency, violate ex post facto principles by applying laws that were not in effect at the time she committed the offense. Am. Pet. 3, ECF No. 14. However, the new criteria did not result in increased punishment retroactively for Petitioner. As there is no "risk of increasing the measure of punishment attached to" any of Petitioner's crimes as a result of the new criteria, their application to her does not violate the ex post facto clause, if it applies at all. *See Garner v. Jones,* 529 U.S. 244, 250 (2000).

Lastly, Petitioner's claim under DAPA lacks merit. Petitioner fails to establish how a ruling in her favor as to this claim would result in her immediate release or a reduction of her sentence. Moreover, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States,* 809 F.3d 134 (5th Cir. 2015), *aff'd,* 136 S. Ct. 2271 (2016).

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 29th day of December, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**